## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LARRY S. CHAVIS** | * | |
| **601 Glynita Circle** | | |
| **Resisterstown, MD 21136** | * | |
| | | |
| **and** | * | |
| | | |
| **SHARONE CROWELL** | * | **Civ. Action No.: 1:17-cv-2220** |
| **3 H Rambling Oaks Way** | | |
| **Catonsville, MD 21228,** | * | |
| | | |
| *Plaintiffs,* | * | |
| | | |
| **v.** | * | |
| | | |
| **BLIBAUM & ASSOCIATES, P.A.** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| **Serve on:** | * | |
| | | |
| **Gary S. Blibaum** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Larry S. Chavis ("Mr. Chavis") and Sharon Crowell ("Ms. Crowell") by and through undersigned counsel and for their Complaint against Blibaum & Associates, P.A. ("Blibaum"), alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair

1

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA").

2.     The Plaintiff alleges that the collection practices of Defendant violate the FDCPA and MCDCA ] in its illegal efforts to collect a consumer debt. These collection practices include garnishing the Plaintiff's wages on an amount including 10 percent post judgment interest when the applicable statutory rate of post judgment interest is limited to 6 percent, by charging the Plaintiff post judgment interest after the judgment creditor agreed to waive its right to collect post judgment interest, and by overstating the amount that remained to be paid on the interest.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory damages, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006);

*Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.     The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

## JURISDICTION AND VENUE

8.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

10.    Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

11.    Plaintiff Larry S. Chavis is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md. Code Ann., Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

12.    Plaintiff Larry S. Chavis is also a "person" as that term is defined by the MCDCA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as

defined by the MCDCA because it involves and arises out of the seeking or acquiring of real property for personal, family or household purposes.

13.     Plaintiff Sharone Crowell is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md. Code Ann., Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

14.     Plaintiff Sharone Crowell is also a "person" as that term is defined by the MCDCA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as defined by the MCDCA because it involves and arises out of the seeking or acquiring of real property for personal, family or household purposes.

15.     Blibaum & Associates, P.A. is a corporation that engages in the practice of law and the practice of debt collection in the state of Maryland. Blibaum & Associates, P.A. is also licensed as a debt collector in Maryland.

16.     At all relevant times, Blibaum & Associates, P.A. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff to another. Blibaum & Associates, P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

17.     At all relevant times Blibaum & Associates, P.A. acted as a "collector" and

"person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA. Specifically, Blibaum & Associates, P.A. is a person collecting or attempting to collect an alleged debt arising out of a consumer transaction.

### FACTUAL ALLEGATIONS

18.   On October 28, 2010, Plaintiff Larry S. Chavis was sued by Peak Management LLC ("Peak") which alleged that she owed amounts due on a residential lease. Specifically, the lawsuit claimed that Plaintiff owed monthly rent for three months, late charges and other charges.

19.   This lawsuit resulted in a judgment being entered against Plaintiff Larry S. Chavis.

20.   On January 23, 2014, Plaintiff Sharone Crowell was sued by Peak for breach of a promissory note that Plaintiff Sharone Crowell had provided to Peak. The promissory note was provided to cover amounts of unpaid monthly rent.

21.   This lawsuit resulted in a judgment being entered against Plaintiff Sharone Crowell.

22.   Under Maryland law, the general rule is that the legal rate of interest on a judgment is 10 percent per annum on the amount of the judgment. A different legal rate of interest, six percent per annum, applies on a money judgment for rent of residential premises.

23.    Post judgment interest in Maryland is authorized by Md. Constitution, Art. 3, § 57, which provides that "[t]he Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly."

24.    In 1980, the General Assembly enacted Md. Code Ann., Cts. & Jud. Proc. § 11-107 which provides for post judgment interest of 10 percent with the following exception: "The legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment." See § 11-107 (b).

25.    That history, though sparse, clearly indicates that the legislation was enacted at the request of trial lawyers representing automobile accident victims who were concerned that the high rates of returns insurance companies could obtain on their investments created an economic incentive to delay resolving cases. The original intent was to have this interest rate accrue beginning at the time of the accident. After several amendments, however, the General Assembly agreed to increase the rate established by the Constitution to 10 percent but, given the legislation's original focus was on personal injury claims, carved out judgments involving rent for residential premises from the increase and instead limited the post judgment interest in those situations to the Constitutional minimum of 6 percent.

26.    Defendant served requests for garnishment of wages and garnished the wages of the Plaintiffs.

27.    Defendant added 10% post judgment interest to the judgments obtained against the Plaintiffs when only 6% post judgment interest was legally authorized to be

collected.

28.    Within one year of the filing of this lawsuit, the Defendant collected monies in excess of what was owed on the judgments entered against the Plaintiffs.

29.    The judgments entered against the Plaintiffs are a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the property that is the subject of the transaction was used primarily for personal, family, or household purposes.

30.    The judgments are also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA because it involved and arose out of the seeking or acquiring of real property for personal, family or household purposes.

31.    Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

32.    The conduct of Defendant Blibaum & Associates, P.A. violates the FDCPA at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) which provide:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>      . . .
>
>      (2) The false representation of --
>
>             (A) the character, amount, or legal status of any debt . . .
>
> § 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33.     The conduct of Defendant Blibaum & Associates, P.A. also violates Md. Code Ann., Com. Law § 14-202(8) because the conduct constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

34.     As a result of the Defendant's acts, the Plaintiffs have suffered economic loss and emotional distress, stress, anger and frustration.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

35.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

36.     In its collection of the aforementioned judgments, Defendant Blibaum & Associates, P.A. materially violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) of the FDCPA by garnishing the Plaintiffs' wages on a balance that is inflated due to the application of a higher rate of interest than allowed by Maryland law.

37.     Defendant also regularly communicated to the Plaintiffs in a misleading manner by stating an inflated balance of the subject debt.

38.     As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, each Plaintiff suffered and continues to suffer from emotional distress, anger

and frustration. Plaintiffs have also paid more than was owed on their respective judgments.

**COUNT II**
**Violation of the Maryland Consumer Debt Collection Act**

39.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40.     In its collection of the aforementioned judgment, Defendant Blibaum & Associates, P.A. materially violated § 14-202(8) of the MCDCA by garnishing the Plaintiffs' wages on a balance that was inflated due to the application of a higher rate of interest than allowed by Maryland law and by communicating to the Plaintiffs in a misleading manner by stating an inflated balance of the subject debt based upon adding interest at an inflated rate. Defendant is charged with knowledge of the law and therefore knew or should have known that it had not right to the inflated amount it is collecting.

41.     As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, each Plaintiff suffered and continues to suffer from emotional distress, anger and frustration. Plaintiffs have also paid more than was owed on their respective judgments.

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendant, as follows:

a.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann.;

10

b.      Statutory damages of $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: August 7, 2017                    Respectfully Submitted,

/s/  E. David Hoskins
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

/s/ Steven B. Isbister
Steven B. Isbister, Esq., No. 14123
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
stevenisbister@hoskinslaw.com